**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles HORTON, a.k.a. Charlie Horton, Defendant–Appellant.**

No. 14–15092
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 2, 2015.

Joseph Andre Plummer, Lawrence R. Sommerfeld, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Charles Horton, Bradford, PA, pro se.

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Horton, proceeding *pro se,* appeals the district court's denial of his motion for a new trial based on newly-discovered evidence that his right to vote was restored before the court convicted him of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Specifically, Horton asserts that he received a document stating that his principal civil liberties had been restored, and that document did not mention a continuing restriction on his right to own firearms. Horton argues that, because his right to vote had been restored, his prior felony conviction did not satisfy § 922(g). Upon review of the record and consideration of the parties' briefs, we affirm.

We review the denial of a motion for new trial on the basis of newly-discovered evidence for an abuse of discretion. *United States v. Barsoum,* 763 F.3d 1321, 1341 (11th Cir.2014), *cert. denied,* —— U.S. ——, 135 S.Ct. 1883, 191 L.Ed.2d 753 (2015). To succeed on a motion for new trial based on newly-discovered evidence, a defendant must prove that (1) the evidence was discovered after trial; (2) the failure to discover the evidence earlier was not due to a lack of diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a different result. *Barsoum,* 763 F.3d at 1341. "Courts should use great caution in granting such motions as they are highly disfavored." *Id.* (quotation omitted).

It is unlawful for anyone who has previously been convicted of a felony to possess firearms or ammunition. 18 U.S.C. § 922(g). Convicted felons whose civil rights have been restored are excluded from this restriction. *Id.* § 921(a)(20).

Horton states that he received a document advising him that his civil rights had

been restored, but the record only shows that he was registered to vote before he committed the offense conduct. The restoration of a convicted felon's right to vote, alone, is not sufficient to satisfy § 921(a)(20). *United States v. Thompson,* 702 F.3d 604, 608 (11th Cir.2012). Therefore, a new trial would not produce a different result. *See Barsoum,* 763 F.3d at 1341. Accordingly, the district court did not err in denying Horton's motion for a new trial.

**AFFIRMED.**